**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ANNA MARIA DE LA TORRE,

               Plaintiff,

v.                                       No. CV-14-15 CG

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

               Defendant.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on Plaintiff Anna Marie De La Torre's

*Motion for Attorney Fees Under Equal Access to Justice Act (EAJA)*, *with Supporting*

*Memorandum* ("Motion") filed March 31, 2015, (Doc. 24); *Defendant's Supplemental*

*Response to Plaintiff's Motion for Attorney's Fees Under Equal Access to Justice Act*

*(EAJA)* ("Response") filed April 22, 2015, (Doc. 29); and *Plaintiff's Supplemental Reply*

*to Defendant's Supplemental Response to Plaintiff's Motion for Attorney's Fees Under*

*EAJA* ("Reply") filed April 28, 2015. (Doc. 30). Plaintiff seeks attorney's fees in the

amount of $2,105.60 as authorized by the Equal Access to Justice Act ("EAJA"),

pursuant to her successful litigation of this case. Defendant opposes the Motion on the

basis that her position was substantially justified. Having reviewed the Motion, the

Response, the Reply, and relevant law, the Court finds that Plaintiff's Motion is

well-taken and should be **GRANTED**.

### I.  Background

      On April 13, 2010, Ms. De La Torre filed an application for supplemental security

income with the Social Security Administration, alleging disability beginning on the filing

date. (Administrative Record ("AR") 11, 121–22, 146). Her application was denied on

October 12, 2010, (AR 54, 56–59), and upon reconsideration on March 3, 2011. (AR 55, 67–70). A hearing was held on May 3, 2012, before Administrative Law Judge ("ALJ") Donna Montano. (AR 27–53).

The ALJ issued her opinion on August 17, 2012, and determined that Ms. De La Torre was not disabled under 20 C.F.R. §416.920(g). (AR 11–21). Ms. De La Torre filed an application for review with the Appeals Council, which was summarily denied on November 4, 2013, (AR 1–4), making the decision of the ALJ the final decision of the Commissioner of the Social Security Administration (the "Commissioner").

Thereafter, Ms. De La Torre appealed that decision to this Court, arguing that the ALJ committed reversible, legal error by: (1) making a residual functional capacity finding unsupported by substantial evidence and the law by failing to properly evaluate the evidence of her fibromyalgia; and (2) impermissibly adopting the vocational expert's testimony. Because the ALJ's assessment of Ms. De La Torre's residual functional capacity was analytically deficient and not supported by substantial evidence, the Court remanded the case to the Commissioner. (Doc. 22).

Ms. Padilla now moves this Court for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). She argues that an award of fees and costs is appropriate because she is the prevailing party, her net worth is less than $2,000,000.00, and the Commissioner's position in defending the action was not substantially justified. (Doc. 24 at 1).

The Commissioner responds that Ms. De La Torre's request for fees and costs under EAJA should be denied, because the Commissioner's position in this case was substantially justified. (Doc. 29). The Commissioner contends that given the facts of the

case, it was reasonable for the Commissioner to defend the ALJ's decision. (*Id.* at 5). In Ms. De La Torre's Reply, she points out that the Court found that the Commissioner misconstrued the ALJ's findings in its briefs, and therefore the Commissioner's position was not substantially justified. (Doc. 30 at 1)

## II.  Analysis

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett*, 475 F.3d at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). In order to be substantially justified, the government's position must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden*, 851 F.2d at 1267 (internal citations omitted).

"When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, No. 04-5059, 125 Fed. Appx. 913, 916 (10th Cir. Jan. 24, 2005) (unpublished) (citing *Martinez v. Sec'y of Health and Hum. Servs.*, 815 F.2d 1381, 1382 (10th Cir. 1987)). Indeed, "the government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (citing *Pierce*,

487 U.S. at 566 n.2). "The government bears the burden of showing that its position was substantially justified." *Gilbert*, 45 F.3d at 1394 (internal citations omitted).

In this case, the Court remanded the ALJ's decision because the ALJ failed to properly weigh one of the medical opinions in the record and that the ALJ's residual functional capacity ("RFC") finding was unsupported by substantial evidence. The ALJ found that Ms. De La Torre had a serious impairment of fibromyalgia, but that it did not significantly limit her functioning. Ms. De La Torre argued that one of the medical opinions in the record assigned to her more restrictive functional limitations due to her fibromyalgia than the limitations the ALJ found, and that the ALJ failed to properly evaluate that opinion. The Commissioner responded that the ALJ did not commit legal error because she properly considered all of the record medical evidence of Ms. De La Torre's fibromyalgia.

The ALJ considered Ms. De La Torre's impairments and their effects on her functioning, and then made an RFC finding. The Court explained that the RFC finding is a function-by-function assessment, based on how the claimant's functional physical and mental limitations, resulting from her impairments, affect her ability to work. *See* 20 C.F.R. § 416.945(a)(1); *see also* Social Security Rulings ("SSR") 96-8p, 1996 WL 374184, *1, 3 (July 2, 1996). The RFC is based on all relevant evidence in the record, including information about the individual's symptoms, reports of daily activities, lay evidence, medical history, medical signs and laboratory findings, and any medical source statements submitted by a treating or other acceptable medical source. 96-8p, 1996 WL 374184 at *5, 7. Additional evidence from medical sources that are not "acceptable medical sources," and information from nonmedical sources, may also be

used to evaluate the severity and functional effects of fibromyalgia. SSR 12-2p, 2012 WL 3104869 at *4.

The ALJ had determined that Ms. De La Torre was capable of doing a restricted range of light work. Light work is work which requires lifting or carrying no more than 20 pounds at a time frequently, and lifting or carrying no more than 10 pounds occasionally. SSR 83-10, 1983 WL 31251 at *5. It also requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. *Id.* at *6. Sitting may occur intermittently during the remaining time, with some pushing and pulling of arm or leg controls. *Id.* at *5. The ALJ additionally found that Ms. De La Torre was limited in her ability to reach in all directions, including overhead, but that she could do frequent repetitive reaching on her right.

In making the RFC determination, the ALJ considered the treatment notes and medical opinions of Angelina Carver, Registered Nurse and Family Nurse Practitioner, but ultimately assigned them little weight. Nurse Carver was Ms. De La Torre's treating health care professional as early as 2003, and completed a physical RFC assessment form, which was submitted to the ALJ on May 22, 2012, several weeks after the hearing. (AR 588–95). Nurse Carver wrote that Ms. De La Torre's primary diagnosis was Sjorgren's Syndrome. (AR 588). She assessed that Ms. De La Torre could only occasionally and frequently lift or carry a maximum of 10 pounds, stand for less than two hours in an eight-hour workday, and sit for less than six hours in an eight-hour workday, and was limited in her ability to push and pull in both the upper and lower extremities. (AR 589). She explained that Ms. De La Torre had myalgia, and that while she has the ability to do simple activities, she fatigues easily due to that impairment. (AR 589, 591).

The ALJ afforded little weight to Nurse Carver's opinions about Ms. De La Torre's primary diagnosis and limitations, and the Court indeed observed that the ALJ's RFC finding and Nurse Carver's RFC assessment differed in the functional areas of carrying, standing, walking, pushing, and pulling. (AR 18). In determining the weight she gave to Nurse Carver's opinions, the ALJ noted that, while Nurse Carver's opinions could not be used to establish that Ms. De La Torre suffered from fibromyalgia, they could be considered to show the severity of that impairment. 20 C.F.R. § 416.913(a), (d). The ALJ concluded that the most remarkable pain findings Nurse Carver ever observed on examination were complaints of tenderness in the neck and back on January 20, 2011, which could not support the assessed limitations that Nurse Carver found in the areas of lifting and sitting. (AR 19, 516–17). She found Nurse Carver's RFC assessment to be unsupported by treatment records for that reason alone. (AR 19). The ALJ further explained that Nurse Carver had listed fibromyalgia as her primary diagnosis, but then crossed it out, writing Sjogren's Syndrome instead. (AR 18). She reasoned that Nurse Carver must not have been sure of Ms. De La Torre's diagnosis, and considered that factor in discounting Nurse Carver's opinions. (AR 19).

The Court noted that opinions from non-acceptable medical sources, such as nurse practitioners, are important in determining the severity and limiting effects of a properly-diagnosed condition. SSR 06-03p, 2006 WL 2329939, *2 (Aug. 9, 2006). When considering what weight, if any, to afford a medical opinion from such a source, the ALJ should consider the same six factors typically used to evaluate the weight of an acceptable medical source's opinion. *Id.* at *4. These factors include: (i) length of the treatment relationship and the frequency of examination; (ii) nature and extent of the

treatment relationship; (iii) supportability of the opinion by reference to relevant evidence; (iv) how well the source explains the opinion; (v) the source's medical specialization; and (vi) any other factor which tends to support or refute the opinion. 20 C.F.R. § 416.927(d); SSR 06-03p, 2006 WL 2329939 at *2–3. The ALJ should explain the weight given to opinions from these other sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning. SSR 06-03p, 2006 WL 2329939 at *6; *see also Bowman v. Astrue*, 511 F.3d 1270, 1274 (10th Cir. 2008).

The Court then analyzed the ALJ's stated reasons for rejecting Nurse Carver's opinions in light of the factors above. First, the ALJ found Nurse Carver's RFC assessment to be inconsistent with her own treatment records. The ALJ observed that Nurse Carver's most remarkable finding of pain on examination was based on Ms. De La Torre's self-reported complaints of neck and back tenderness in January, 2011. The ALJ concluded that Ms. De La Torre's complaints could not support the limitations that Nurse Carver ascribed in the areas of lifting or sitting.

The Court noted, however, that Nurse Carver assessed exertional limitations due to Ms. De La Torre's fatigue, not because of pain or neck and back tenderness. The Administration's Rulings advise that fatigue, a symptom associated with fibromyalgia, may result in exertional limitations and should be considered in making the RFC finding. SSR 12-2p, 2012 WL 3104869 at *6. The ALJ failed to resolve or explain how the lack of evidence concerning Ms. De La Torre's alleged pain was a proper reason to discount Nurse Carver's opinions based primarily on Ms. De La Torre's fatigue.

Additionally, the Court found that the ALJ failed to adequately explain how Nurse

7

Carver's treatment records were inconsistent with the functional limitations that she assigned in the areas of carrying, standing, walking, pushing, or pulling. Nurse Carver's opinions and the ALJ's findings differ in all of those functional areas. Because the ALJ did not address and resolve those inconsistencies in the decision, the ALJ did not satisfy her burden.

The Commissioner argued that the ALJ correctly found Nurse Carver's treatment notes and opinions to be inconsistent for the sole reason that Nurse Carver's treatment notes document only intermittent complaints of pain in certain joints, and not global, ongoing complaints of pain and swelling. The Court noted that, to be disabled from fibromyalgia, a claimant is required to provide sufficient objective evidence that her fibromyalgia limits her ability to work. SSR 12-2p, 2012 WL 3104869 at *2. The Court documented Nurse Carver's entire treatment record for evidence of fibromyalgia-related symptoms, mindful that the symptoms of fibromyalgia can "wax and wane so that a person may have 'bad days and good days.'" SSR 12-2p, 2012 WL 3014869 at *17. The Court found that Nurse Carver's treatment record revealed that Ms. De La Torre's regular complaints of chronic fatigue and pain were consistent with the waxing and waning nature of fibromyalgia symptoms. Therefore, the Court determined that substantial evidence did not support the ALJ's finding that Nurse Carver's treatment notes were inconsistent with her medical opinions regarding Ms. De La Torre's RFC.

The ALJ also discounted Nurse Carver's opinions because she was unsure of Ms. De La Torre's diagnosis. Nurse Carver initially wrote fibromyalgia as the primary diagnosis on the RFC assessment form, but then crossed it out and wrote in a different diagnosis. The ALJ determined that this evidence, on its own, demonstrated that Nurse

8

Carver was unsure of Ms. De La Torre's diagnosis. The Court observed that there was no indication that the ALJ re-contacted Nurse Carver to clarify or confirm whether the error was the result of indecisiveness. The Court concluded that the ALJ made an improper inference, and that substantial evidence did not support the ALJ's conclusion. Therefore, the reason was not a proper basis for discounting her opinion.

The Court concluded that the ALJ's decision to discount Nurse Carver's opinions was not supported by substantial evidence, and that the ALJ had failed to properly explain why she discounted the limitations Nurse Carver assessed in the areas of carrying, standing, walking, pushing, and pulling. The Court concluded that the ALJ's failure to provide a clear and substantiated reason for rejecting Nurse Carver's opinions constituted reversible error since the record is not "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the . . . opinion and the reasons for that weight." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

The Commissioner now argues that the Court should not award Plaintiff attorney fees under EAJA because she was substantially justified in defending the ALJ's errors described above. Thus, the Court must determine whether the Commissioner has met her burden to show that she was substantially justified in defending the ALJ's errors in the subsequent litigation. This Court finds that the Commissioner has not.

The Commissioner argues that her position defending the ALJ's analysis was substantially justified because there is some flexibility in the amount of specificity an ALJ must provide when describing the weight accorded to medical opinion evidence. Failure to weigh Nurse Carver's opinion, and provide adequate reasoning for the weight, is clear legal error, *see Kerwin v. Astrue*, No. 06-6343, 244 Fed. Appx. 880, 884 (10th Cir. Aug.

9

8, 2007) (unpublished), and the Commissioner has not shown that her defense of this failure was substantially justified. The Commissioner also suggests that the burden is lower when the medical opinion comes from a non-acceptable medical source such as Nurse Carver, as long as the ALJ's decision permits the Court to follow the adjudicator's reasoning. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). However, contrary to the Commissioner's contention, the Court found that the ALJ's reasoning was so deficient that judicial review of the decision was impossible.

The Commissioner further maintains that deficiencies in articulation alone may not warrant an award of attorney's fees. *See Cunningham v. Barnhart*, 440 F.3d 862, 865 (7th Cir. 2006); *see also Stein v. Sullivan*, 966 F.2d 317, 319–20 (7th Cir. 1992). The Commissioner reasons that, because there was some evidence to support the ALJ's decision, her position was substantially justified. Here, the Court found that not only did the ALJ fail to properly articulate her analysis of Nurse Carver's opinions, but also that her ultimate decision to discount the opinions lacked substantial evidence. Additionally, the only cases that the Commissioner cites to for support of her position are non-binding precedent from the Seventh Circuit.

In its Response brief opposing Plaintiff's Motion to Remand, the Commissioner argued that the ALJ had discounted Nurse Carver's opinion because it was unsupported by the medical evidence in the record as a whole. (Doc. 19 at 14). The Court reviewed the ALJ's decision and found the argument to be false—the ALJ never made such a finding. Thus, in defending the ALJ's decision, the Commissioner misrepresented the ALJ's analysis to the Court.

The Commissioner further argues that the question is not whether the ALJ's

10

decision is supported by substantial evidence, but whether the Commissioner's position was reasonable in law and fact. The Court agrees that the standard for whether a position is substantially justified is one of reasonableness. However, the Court finds that the Commissioner's defense of the ALJ's failure to weigh Nurse Carver's medical opinion, as well as its misrepresentation of the ALJ's reasons for discounting that opinion, was not reasonable.

Therefore, based on these critiques of the ALJ's analysis of the medical evidence, this Court finds that the Commissioner has not shown that her position at the administrative level and in defending the ALJ's decision was substantially justified. *Groberg v. Astrue*, No. 11-4173, 505 Fed. Appx. 763, 768–69 (10th Cir. Dec. 14, 2012) (unpublished) (upholding district court's finding that Commissioner's position in favor of the ALJ's decision was not substantially justified when ALJ rejected medical opinions for unsupportable reasons in favor of his own opinion).

### III. Conclusion

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in its position in the underlying agency action and the subsequent litigation. Accordingly, Ms. De La Torre is entitled to award of attorney's fees under EAJA.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Attorney Fees Under Equal Access to Justice Act (EAJA)*, (Doc. 24), be **GRANTED** and that attorney fees be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $2,105.60. *See Astrue v. Ratliff*, 130 S. Ct. 2521 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

11

**IT IS FURTHER ORDERED THAT**, if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE